IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EVA BICKFORD,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social
Security,

    Defendant.

Case No. 6:15-CV-01821-AA

OPINION AND ORDER

AIKEN, Judge:

Plaintiff Eva Bickford seeks judicial review of the Commissioner's decision denying her application for disability insurance benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g). Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

1 -- OPINION AND ORDER

## BACKGROUND

Plaintiff protectively filed an application for DIB on August 2, 2011, alleging disability beginning February 20, 2011. Tr. 15. Plaintiff was insured under Title II through December 31, 2016. Tr. 17. Following a denial of benefits, plaintiff requested a hearing before an administrative law judge (ALJ). On March 10, 2014, an ALJ determined plaintiff was not disabled. Tr. 16-24. Plaintiff appealed that decision to the Appeals Council and submitted as new evidence, Linn County Mental Health records dated March 13, 2014 to March 31, 2014, a MRI of the lumbar spine dated May 7, 2014 from Good Samaritan Albany General Hospital, medical records from Corvallis Medical group dated April 21, 2014 to July 14, 2014, and records from Good Samaritan Regional Medical Center dated March 6, 2014 to June 2, 2014. Tr. 5-6. After considering the new evidence and making it part of the record, the Appeals Council affirmed the ALJ's decision on July 23, 2016. Tr. 1. This appeal followed.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). In reviewing the Commissioner's alleged errors, this court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion. *Batson*, 359 F.3d at 1198 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). A reviewing court, however, "cannot affirm the Commissioner's decision on a ground that the Administration did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055–56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) not presenting clear and convincing reasons to reject her subjective symptom statements; (2) rejecting the lay witness's credibility; and (3) improperly considering the new evidence submitted to the Appeals Council. Pl.'s Br. 18-30.

I.  Plaintiff's Credibility

Plaintiff argues that the ALJ failed to articulate a clear and convincing reason, supported by substantial evidence, for rejecting her subjective symptom statements concerning the extent and severity of her impairments. *Id.* at 18. Specifically, plaintiff argues that the ALJ engaged in "extreme selective recounting of the record," which cannot take into consideration the pain and symptoms of her primary impairment of fibromyalgia. *Id.* at 20-21. Accordingly, plaintiff argues that the ALJ failed to take into account the entire medical record, *id.* at 20, and the ALJ's reasoning for rejecting plaintiff's complaints "fails on multiple levels." *Id.* at 21.

Plaintiff also argues that the ALJ "engaged in sit and squirm jurisprudence" when the ALJ found her subjective symptom statements not entirely credible. *Id.* at 20. According to plaintiff, the ALJ based her decision after witnessing plaintiff bend over and lift her bag during

3 -- OPINION AND ORDER

the hearing and observing plaintiff's in court persona. *Id.* at 20-22. Plaintiff notes that fibromyalgia is a disease that "manifests symptoms that wax and wane." *Id.* at 22. Plaintiff contends she has good and bad days, which means her ability to lift heavy objects varies. *Id.* at 22. Plaintiff notes that her testimony during the 2014 hearing regarding her limited function is an accurate account of the worsening pain and symptoms, even though it conflicts with previous written testimony from 2011. *Id.* at 23. Despite the new testimony, plaintiff argues the ALJ failed to give specific reasons for rejecting the testimony in 2014 as opposed to written testimony from 2011. *Id.* at 23. Plaintiff argues the ALJ relied more on the testimony from Dr. Bruce Matthews and Dr. Vivek Deshmukh regarding her "embellishments" and "benign objective medial findings" despite her appearance and pain distributions. *Id.* at 23-24.

The ALJ found plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms "not entirely credible." Tr. 21. In so finding, the ALJ considered plaintiff's claims of "debilitating pain and mental symptoms," including her testimony that her pain has had an adverse effect on her strength and stamina. *Id.* at 20. The ALJ considered plaintiff's claim of her inability to work full-time because of various "physical and mental impairments, including chronic low back pain, balance problems, hip and leg pain, insomnia, and problems with anger and depression." *Id.*

In finding plaintiff's subjective symptom statements not credible, the ALJ first contrasted instances in the record where plaintiff asserted her chronic pain was a nine out of a ten on a ten point scale without medication and an eight out of a ten with medication, with conflicting statements made by her treating physicians. *Id.* at 21. The ALJ specifically noted that once of plaintiff's treating physicians opined that plaintiff did not appear to be in distress and "exhibited normal strength in all extremities." *Id.* The ALJ considered other statements made by another

4 – OPINION AND ORDER

one of plaintiff's treating physicians that despite her account of her antalgia, both her "sensation and reflexes were both in tact." *Id.* Additionally, the ALJ considered the opinion of Dr. Bruce Matthews, plaintiff's examining doctor, that plaintiff showed "fairly significant pain behaviors and embellishment" during her examination in June 2011. *Id.* at 22. Furthermore, the ALJ noted the opinion of Dr. Vivek Deshmukh, another one of plaintiff's examining doctors, that plaintiff's claims of pain did not match her MRI results in August of 2011. *Id.* Finally, the ALJ noted that plaintiff's medical records from 2012 showed "relatively benign objective medical findings" despite her "moderate amount of facial grimacing and plain looking effect." *Id.*

In finding plaintiff's statements not credible, the ALJ also noted that the record indicated that plaintiff's account of her ability to complete day-to-day activities contradicted the ALJ's observation of her during the hearing in 2014. Tr. 21. Specifically, the ALJ noted that during the hearing plaintiff testified "she could not bend over due to chronic pain," but she observed plaintiff bending over, lifting a large handbag "with little effort and no outward signs of discomfort," and placing the same bag back on the ground without strain. *Id.* The ALJ noted that when she questioned plaintiff about the inconsistencies between her testimony and the information she provided prior to the hearing, plaintiff claimed "her condition had recently become progressively worse." *Id.* Additionally, the ALJ noted that plaintiff's in-court appearance and attitude were inconsistent with her testimony that she spends most of her day in a dark room. *Id.* The ALJ found that at the hearing in 2014, plaintiff appeared "cheerful, engaged, talkative, and displayed no problems recalling information and no outward signs [of] anxiety or depression." *Id.*

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no

5 – OPINION AND ORDER

affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion that the claimant is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. *Smolen*, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. *Id.* Specifically, when a claimant's work history undercuts her assertions, the ALJ may rely on that contradiction to discredit the claimant. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Further, when a claimant's daily activities "are transferable to a work setting" or "contradict claims of a totally debilitating impairment," performance of those activities may serve as a basis for discrediting a claimant. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012).

Finally, the ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. *Smolen*, 80 F.3d at 1284. If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Here, ALJ Rauenzahn provided specific, clear and convincing reasons to support her adverse credibility findings. Specifically, ALJ Rauenzahn noted that plaintiff's subjective complaints contradicted with the objective medial record. ALJ Rauenzahn noted that plaintiff's in-court testimony about her pain and symptoms were inconsistent with the treating physicians' conclusions that she was in "no apparent distress" and displayed "normal strength in all extremities." ALJ Rauenzahn also noted that plaintiff's latest MRI did not match her claim of worsening pain. ALJ Rauenzahn considered the fact that both Dr. Matthews and Dr. Deshmukh medical findings contradicted with plaintiff's claims of increase pain and worsening symptoms. *Thomas*, 278 F.3d at 959.

ALJ Rauenzahn also noted that plaintiff's in-court testimony about her pain and metal symptoms contradicted the ALJ's in court observation from the 2014 hearing. Specifically, ALJ Rauenzahn noted that plaintiff claimed in her written testimony that she could not bend over due to chronic back pain, but then observed plaintiff bend over and lift her bag. Additionally, ALJ Rauenzahn found that plaintiff was pleasant during the trial, which was inconsistent with her claims of suffering from problems with anger and depression. *Smolen*, 80 F.3d at 1284.

In sum, the ALJ provided clear and convincing reasons, supported by substantial evidence, for rejecting plaintiff's subjective symptom statements. As a result, this Court need not discuss all of the reasons provided by the ALJ because at least one legally sufficient reason exists. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). As such, the ALJ's credibility finding is affirmed.

///

///

7 – OPINION AND ORDER

II.   Lay Witness Credibility

Plaintiff argues that the ALJ erred by failing to provide sufficient reasons for rejecting the lay testimony of her nurse practitioner, Cheryl Hryciw, FNP. Pl.'s Br. 25. In particular, plaintiff argues the ALJ gave a general rejection of Ms. Hryciw's opinion when she found that: (1) Ms. Hryciw partially relied on plaintiff's subjective complaints without providing more information; and (2) Ms. Hryciw's "limited opportunity to observe the claimant" was not accurate according to the record. Pl.'s Br. 26.

Ms. Hryciw performed two evaluations of plaintiff at the beginning of 2014. Tr. 22. The ALJ found that: (1) Ms. Hryciw relied on plaintiff's subjective complaints of worsening symptoms; (2) Ms. Hryciw's clinical observations were inconsistent with her evaluations; and (3) Ms. Hryciw's evaluations are inconsistent with Dr. Matthews and Dr. Deshmukh's objective medical records.

The ALJ found that the clinical observations Ms. Hryciw conducted were inconsistent with the information in her evaluations. *Id.* The ALJ noted that during the clinical observations, Ms. Hryciw reported that plaintiff was "delightful, pleasant, articulate" and exhibited "no signs of muscle atrophy and ambulated with only a "slightly antalgic casual gait." *Id.* In contrast, the ALJ noted that in the evaluations, which were primarily based on plaintiff's subjective complaints, Ms. Hryciw reported that plaintiff "endorsed being 'very tender' and 'persistently painful to palpitations.'" *Id.* Furthermore, the ALJ considered the differences between Ms. Hryciw's conclusion and the conclusions of the other physicians who treated plaintiff. As stated above, both Dr. Matthews and Dr. Deshmukh's reports lacked the medical evidence to support plaintiff's claim. *Id.* at 22. Specifically, the ALJ considered the report from Dr. Deshmukh who concluded that plaintiff's "reported pain distribution did not support her MRI findings." *Id.* at 21.

8 -- OPINION AND ORDER

However, in contrast, Ms. Hryciw concluded that plaintiff would miss more than four days of work per month due to her pain. *Id.* at 21.

Lay testimony regarding a claimant's symptoms or how impairment affects the ability to work is competent evidence that an ALJ must take into account. *Molina v. Astrue*, 674 F.3d at 1114 (citation omitted). Evidence from "other sources," including nurse practitioners, and other non-medical, lay sources, such as spouses, parents, caregivers, relatives, friends, neighbors, and clergy, may be used to show the severity of a claimant's impairments and how they affect his ability to work. 20 C.F.R. § 404.1513(d). In order to reject evidence from "other sources," the ALJ must give germane reasons for doing so. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Lay witness testimony may be disregarded on the same basis as claimant's discredited subjective reports. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). An opinion of disability premised to a large extent upon the claimant's own accounts of her symptoms and limitations may be disregarded, once those complaints have themselves been properly discounted." *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *see also Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (claimant's provision of misinformation, unbeknownst to a doctor, served as a legally sufficient reason for rejecting that doctor's opinion); *see also Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (affirming the rejection of a treating source's opinion that "relied only on [the claimant's] subjective complaints and on testing within [her] control"). Further, while an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). Moreover, the ALJ is responsible for resolving conflicts in the medical

testimony and translating the claimant's impairments into concrete functional limitations in the RFC. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). The ALJ may also reject lay witness testimony due to inconsistencies with the medical evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

Here, as an initial matter, the court notes that plaintiff overstates ALJ Rauenzahn's burden of proof for rejecting Ms. Hryciw's lay opinion. Plaintiff argues that the ALJ must provide germane and legitimate reasons to reject the lay person's testimony. Pl.'s Br. 18. However, as stated above, the ALJ was not obligated to consider the records from Ms. Hryciw, a nurse practitioner, as a medical source. 20 C.F.R. § 404.1513. Rather, the ALJ needed only to provide germane reasons to reject the opinion of Ms. Hryciw. *Molina*, 674 F.3d at 1111.

The ALJ provided several germane reasons for finding Ms. Hryciw's lay opinion not credible. Specifically, the ALJ found that Ms. Hryciw's opinion was based largely on plaintiff's subjective complaints, which as stated above, the ALJ appropriately found not credible. *Valentine*, 574 F.3d at 694. The ALJ also found that Ms. Hryciw's observations of plaintiff were internally inconsistent with her own findings and recommendations and that Ms. Hryciw's opinion was inconsistent with other medical evidence in the record. *Bayliss*, 427 F.3d at 1218. Thus, the ALJ's creditability finding is affirmed.

III.     New Evidence Submitted to the Appeals Council

Plaintiff argues the new medical evidence submitted to the Appeals Council is sufficient evidence to support a finding that she is disabled. Pl.'s Br. 29-30. Particularly, plaintiff points to the evaluation Ms. Hryciw performed on January 20, 2014 and an MRI conducted on May 7, 2014 that was performed based on Ms. Hryciw's referral as proof of her worsening condition,

"particular to the condition that could cause radicular pain" in her back. *Id.* at 30. Additionally, plaintiff argues that the "new medical records revealed the necessity of prescribing new injections for more than 3 muscle groups." Pl.'s Br. 30.

"When the Appeals Council considers new evidence in denying a claimant's request for review, the reviewing court considers both the ALJ's decision and the additional evidence submitted to the Council." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1030 n. 2 (9th Cir. 2007). The court then considers whether the post-decision evidence undermines or further supports the ALJ's decision. *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012). Also, impairments that can be controlled effectively with medication or treatment are not disabling for purposes of determining eligibility for benefits. *See Warre v. Comm'r Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

First, as previously mentioned, the ALJ properly determined that plaintiff was not entirely credible and gave germane reason for rejecting her statements of worsening symptoms. Thus, the ALJ properly determined that the information Ms. Hryciw relied upon to conduct or recommend the evaluations were not credible. Second, the new evidence from the evaluations shows that the changes in plaintiff's conditions from the time of the accident in 2010 to her MRI in 2014, do not undermine the ALJ's decision. Specifically, Dr. John Ward, who performed the MRI, concluded that the plaintiff had "[m]ild discogenic degenerative changes at . . . L4." Tr. 635. Dr. Ward also concluded that there was "[m]ild left-sided neural forminal narrowing at L3-L4." *Id.* Furthermore, the evidence from the evaluation conducted by Dr. John Ward in May 2014, shows that the reason the injections were administered was due to plaintiff's subjective complaint of pain, which she described as feeling as if she was "being stabbed with needles from the inside out." *Id.* at 640. Additionally, this Court notes that Dr. Ward concluded in his report

11 – OPINION AND ORDER

that plaintiff's complaint of pain can be managed by injections. *Id.* at 639. Specifically, Dr. Ward reported that "immediately following the procedure, the patient reported significant pain relief, estimating a 70% overall improvement." *Id.*

In sum since the plaintiff's MRI results only show mild degenerative changes, and the plaintiff's pain can be managed with injections, the Court finds that the new evidence does not undermine the ALJ's decision.

## CONCLUSION

Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's final decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 20th day of March 2017.

_____
ANN L. AIKEN
United States District Judge

12 – OPINION AND ORDER